UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SALVADOR SCURRIA                          CIVIL ACTION

VERSUS                                    NO:09-730

STATE FARM FIRE AND CASUALTY              SECTION: "J" (3)
INSURANCE COMPANY

**ORDER AND REASONS**

Before the Court is Defendant's **Motion to Dismiss** all
Plaintiff's claims pursuant to Federal Rule of Civil Procedure
37(b)(2). (Rec. D. 17). Having considered the motions and legal
memoranda, the record, and the law, the Court finds that
Defendant's Motion to Dismiss should be **DENIED.**

**BACKGROUND**

This action is one of hundreds of Hurricane Katrina
insurance coverage disputes brought against State Farm by the
Hurricane Legal Center ("HLC") in August of 2007.  Originally,
these suits were included in a mass joinder suit entitled <u>Aguda
v. State Farm Fire & Casualty Insurance Company</u>, No. 07-4457.
These suits underwent numerous procedural steps as the actions
were consolidated with the <u>Katrina Canal Breaches Consolidated
Litigation</u>, No. 05-4182, subsequently deconsolidated, and
eventually severed from one another on December 30, 2008 with the
remaining plaintiffs ordered to file individualized complaints.

The current lawsuit was filed January 29th, 2009. (Rec. Doc.

1). On June 5th, 2009, this Court entered a scheduling order laying out various deadlines for the litigants. (Rec. D. 9).

Defendant alleges that Plaintiff has failed to respond to its requests for production and interrogatories filed June 2nd, 2009. Plaintiff's failure to comply with discovery occurred, despite Defendant having prevailed on a Motion to Compel interrogatories on September 23, 2009. (Rec. D. 17) The Magistrate Judge ordered Plaintiff to respond to Defendant's written discovery by October 9th, 2009.

### THE PARTIES' ARGUMENTS:

Defendant argues that the Court should dismiss Plaintiff's claims against them as a sanction pursuant to Federal Rules of Civil Procedure 37 (b)(2) which provides:

(2) Sanctions in the District Where the Action Is Pending. (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of

the action, as the prevailing party claims;

(ii) prohibiting the disobedient party

from supporting or opposing designated

claims or defenses, or from introducing

designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until

the order is obeyed;

(v) dismissing the action or proceeding

in whole or in part;

(vi) rendering a default judgment

against the disobedient party; or

(vii) treating as contempt of court the

failure to obey any order except an

order to submit to a physical or mental examinatio

Defendant concedes that the Fifth circuit has made clear

that dismissal is only authorized when "the failure to comply

with the court's order results from willfulness or bad faith . .

. . [and] where the deterrent value of Rule 37 cannot be

substantially achieved by the use of less drastic sanctions."

Smith v. Smith, 145 F.3d 335, 344 (5th Cir. 1998) (citation

omitted). Defendant also notes that courts consider aggravating

factors including whether the client is blameless and the

prejudice to the parties. <u>U.S v. $49,000 Currency</u>, 330 F. 3d 371, 376 (5th 2003). However, avers Defendant, these aggravating factors are not a prerequisite for dismissal. <u>Rogers v. Kroger Co.</u>, 669 F.2d 317, 321 n.5 (5th Cir. 1982).

Defendant argues that Plaintiff has shown bad faith because his non-compliance occurred "when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." <u>Baba v. Japan Travel Bureau Int'l</u>, 165 F.R.D. 398, 403 (S.D.N.Y. 1996). State Farm argues that given the time which had passed since the date of the alleged occurrence (four years) and the time since this lawsuit was filed (2 years), Plaintiff has had more than sufficient time to gather the requested documentation.

Defendant urges the Court to chose dismissal as a sanction in order to promote future compliance. Courts have held that Rule 37 sanctions can be used in order to encourage future compliance. <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639, 643 (1976). This, argues Defendant, is even more important in this case since the attorneys for Plaintiff from the Hurricane Legal Center have so many cases in this district and thus need to be warned against this type of misconduct. <u>See e.g.</u> <u>Allen v. Exxon Corp. (In re Exxon Valdez)</u>, 102 F.3d 429, 433 (9th Cir. Alaska 1996) (where the Court sanctioned Plaintiffs in anticipation of similar misconduct by Plaintiffs involved in a

related lawsuit.)

Defendant further alleges that Plaintiff's failure to provide adequate documentation of his allegations has resulted in unfair prejudice against Defendants. The delay alone, argues Defendant, constitutes prejudice. <u>Truck Treads, Inc. V. Armstrong Rubber Co.</u>, 818 F. 2d 427, 429 (5th Cir. 1987)

Defendant further moves this Court to require Plaintiff to pay attorney's fees caused by his unreasonable delay in responding to discovery.

Plaintiff argues that there have been numerous obstacles which have prevented him from complying with the discovery orders. Plaintiff asserts that he has expended all reasonable efforts to respond to Defendant's request for discovery. The delay, avers Plaintiff, was neither willful nor did it constitute bad faith.

Plaintiff argues that Defendant offers no proof that there was any bad faith implied in Plaintiff's inability to comply with the discovery order. Plaintiff argues that he has had great difficulty tracking down the proper paper work to comply with the Court's requests but that most of it was destroyed in the storm.

Plaintiff also points out that there are alternative sanctions available to the Court should it find that it is appropriate to issue a sanction pursuant to Rule 37 of the Federal Rules of Civil Procedure. For example, Plaintiff points

out that the Court can stay the proceedings until the order is complied with and since Plaintiff has now complied with the order the case can proceed.

Plaintiff also argues that Defendant has failed to demonstrate how it has been prejudiced by the delay in discovery.

Finally, Plaintiff argues that Defendant should not be awarded attorney's fees under these circumstances.

## DISCUSSION:

The Court has wide discretion when choosing whether to impose a sanction pursuant to Federal Rules of Civil Procedure 37. <u>Morton v. Harris</u>, 628 F.2d 438, 440 (5th Cir. Ga. 1980)

Plaintiff has now complied with Defendant's requests and avers, without any contradiction from Defendant, that they did so *before* Defendant filed this Motion to Dismiss all claims for non-compliance.

In order to promote compliance with judicial orders, preserve judicial resources but refrain from becoming excessively punitive, the Court finds that the best course of action is to stay the proceedings until the parties have complied with the order. In the present case, the Court understands that Plaintiff has complied so no further actions are required.

The Court also declines to levy attorneys fees against Plaintiff under these circumstances

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED.**

New Orleans, Louisiana, this the 30th day of November 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE